IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HEATHER M. H,<br><br>                    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>                    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-1056 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) for a Report and Recommendation on all dispositive matters.[1]  On April 10, 2019, Plaintiff Heather H, filed a Reply and Motion to Remand pursuant to *Lucia v. Securities and Exchange Commission*.[2] Because Plaintiff filed this motion and argument concerning whether Administrative Law Judges (ALJs) were properly appointed under the Constitution's Appointments Clause in reply, the court permitted Defendant to file a sur-reply.  Having considered the arguments of the parties and relevant case law, the court recommends the Motion to Remand be denied.

Following a series of hearings, appeals and two unfavorable decisions, ALJ Donald Jensen, issued a final unfavorable decision on October 16, 2015, denying Plaintiff's application for Social Security Benefits.[3]  After briefing was complete,[4] the Administrative Record was filed on March 12, 2019.[5]

---

[1] ECF No. 14.

[2] 138 S.Ct. 2044, 201 L.Ed.2d 464, (2018).

[3] ECF 23-3 p. 10-26.

[4] Plaintiff never filed a timely reply brief under the Local Rules.  Rather, Plaintiff filed a reply over six months after Defendant filed an Answer brief.

[5] ECF No. 23.

On April 20, 2019, over six months after Defendant filed its Answer brief, Plaintiff filed a reply brief and motion.  Plaintiff seeks remand of this case under *Lucia v. Securities and Exchange Commission*.[6]  Ms. H argues the ALJs who rendered unfavorable decisions in this case were not properly appointed under the Constitution's Appointments Clause at the time of the hearings.  Therefore, in accordance with *Lucia*, this case needs to be remanded for a new hearing.  In contrast, Defendant argues Plaintiff waived the issue by failing to raise the Appointments Clause arguments in an opening brief, failed to make a timely challenge to the validity of the appointment of the ALJ and did not raise the issue despite the Tenth Circuit's precedent in *Bandimere v. Securities and Exchange Commission,*[7] which was decided before *Lucia*.  The undersigned is not persuaded by Plaintiff's arguments and recommends that the motion be denied.

Generally issues raised for the first time on appeal in an appellant's reply brief are not considered.[8]  Plaintiff filed her opening brief in September 2017.  On December 27, 2016, approximately nine months before her opening brief was filed, the Tenth Circuit held that "the SEC ALJs are inferior officers who must be appointed in conformity with the Appointments Clause."[9]  This is the same argument made in Plaintiff's reply brief and motion to remand filed in April 2019, over two years after the Tenth Circuit's holding.

---

[6] 138 S.Ct. 2044, 201 L.Ed.2d 464, (2018).

[7] 844 F.3d 1168 (10th Cir. 2016).

[8] *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) ("In addition, issues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived, and we will not consider the arguments Mr. Wheeler raised for the first time in his reply brief."); *Hill v. Kemp*, 478 F.3d 1236, 1250 (10th Cir. 2007) ("It is our general rule, however, that arguments and issues presented at such a late stage are waived."); *Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

[9] *Bandimere v. Sec. & Exch. Comm'n*, 844 F.3d 1168, 1181 (10th Cir. 2016).

The Securities and Exchange Commission (SEC or Commission) has statutory authority to enforce the nation's securities laws. As part of that authority, the Commission delegated the task of presiding over certain administrative proceedings to ALJs. SEC staff members selected its ALJs. In *Bandimere*, the SEC brought an administrative action against David Bandimere, a Colorado businessman, alleging he violated certain securities laws. "An SEC ALJ presided over a trial-like hearing" and concluded that Bandimere was liable, barring him from the securities industry.[10] On review to the SEC following the ALJ decision, Bandimere asserted that the ALJ was an inferior officer who had not been appointed under the Appointments Clause. The SEC agreed with Bandimere that the ALJ had not been constitutionally appointed, but upheld the ALJ's decision finding the ALJ was not an inferior officer. The Tenth Circuit disagreed with the SEC's decision regarding its ALJs, instead holding that the SEC's ALJs are inferior officers and thus subject to the Appointments Clause.[11]

In *Lucia*,[12] the Supreme Court confronted the same question the Tenth Circuit addressed in *Bandimere*, to wit, whether or not ALJs were "Officers of the United States" subject to the Appointments Clause, or mere employees.[13] In fact, the Supreme Court explicitly noted the decision in *Bandimere* conflicted with a decision made by the Court of Appeals for the D.C. Circuit. Mr. Lucia sought review by the Supreme Court to resolve this split.[14]

"The Appointments Clause prescribes the exclusive means of appointing 'Officers.' Only the President, a court of law, or a head of department can do so."[15] On facts very similar to

---

[10] *Id.* at 1171

[11] *Id.* at 1181.

[12] 138 S.Ct. 2044, 201 L.Ed.2d 464, (2018).

[13] *Id.* at 2051

[14] *Id.* at 2050

[15] *Id.* at 2051; *see* Constitution Art. II, § 2, cl. 2.

those in *Bandimere*, in *Lucia*, the Commission charged Raymond Lucia with violating certain securities laws and assigned an ALJ to adjudicate the case.  Following a hearing, the ALJ concluded Lucia violated the law and imposed sanctions.  On appeal to the SEC, Lucia argued the proceedings were invalid because the ALJ had not been properly appointed under the Constitution.  Lucia asserted ALJs are officers of the United States and not mere employees, thus subjecting them to the Appointments Clause.  The SEC and Court of Appeals for the D.C. Circuit disagreed with Lucia.  The Supreme Court, however, agreed with Lucia holding that the SEC's ALJs were "Officers of the United States" within the Appointments Clause.  Therefore, the appointment of the ALJ who presided over Lucia's case did not comply with the Appointments Clause and a new hearing was ordered before a properly appointed official.[16] Important to the instant dispute in reaching this holding is a factor the Supreme Court cited to in its decision: "[t]his Court has held that 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief."[17]  The Court found Lucia made such a timely challenge.

Here, the Plaintiff failed to make such a timely challenge.  *Bandimere* was decided long before Plaintiff brought her arguments regarding the Appointments Clause and ALJ's.  Plaintiff did not raise these arguments until April 10 2019, nearly a year after *Lucia* was decided and over two years after *Bandimere*.  In the Tenth Circuit, social security applicants were put on notice regarding the suspect appointment of ALJs before the Supreme Court's decision in *Lucia*.  As such, those arguments should have been raised earlier in this case.  How soon such arguments

---

[16] *Id.* at 2055.

[17] *Id.* (quoting *Ryder v. United Sates*, 515 U.S. 177, 182-83, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)).

need to be made, such as at the administrative level before the ALJ,[18] is of no consequence here because they were made well after the issue was decided in the Tenth Circuit.[19]

The undersigned concludes that even if the court reaches the arguments Plaintiff makes in reply, something which goes against the general rule,[20] Plaintiff waived the arguments by failing to timely make them.  Thus, her Motion to Remand should be denied.

## RECOMMENDATION

The undersigned recommends that Plaintiff's Motion to Remand be DENIED.[21]

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[22] The parties must file any objection to this Report and

---

[18] In *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), the Supreme Court held that the claimant was not required to exhaust issues in a request for review by the Appeals Council in order to preserve them for federal court judicial review.  The issue of whether a claimant must exhaust issues before the ALJ, however, was not decided.  A number of courts have construed the language in *Lucia* to establish that an Appointments Clause challenge is timely only when raised and preserved at the administrative level.  *See e.g., Catherine V. v. Berryhill*, No. 17-3257, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); *Shipman v. Berryhill*, No. 1:17-CV-309, 2019 WL 281313, at *3 (W.D.N.C. Jan. 22, 2019); *Velasquez ex rel. Velasquez v. Berryhill*, No. 17-17740, 2018 WL 6920457, at *2 (E.D. La. Dec. 17, 2018); *Pearson v. Berryhill*, No. 17-4031, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018); *Davis v. Comm'r of Soc. Sec.*, No. 17-CV-80, 2018 WL 4300505, at *8 (N.D. Iowa Sept. 10, 2018), appeal filed (Nov. 14, 2018); *see also Abbington v. Berryhill*, No. 1:17-552, 2018 WL 6571208, at *2 (S.D. Ala. Dec. 13, 2018); *Willis v. Comm'r of Soc. Sec.*, No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018).

[19] In *Person v. Berryhill*, No. 17-4031-SAC, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018), our sister district court, rejected an Appointments Clause challenge and noted that as of the date of that decision, "courts that have considered this issue have unanimously rejected attacks on the validity of the ALJ's appointment under *Lucia* if [a] claimant failed to make a constitutional challenge at the administrative level before the ALJ or the Appeals Council."  *But see Bizarre v. Berryhill*, 364 F. Supp. 3d 418, 2019 WL 1014194, at *2 (M.D. Pa. 2019) ("We acknowledge at the outset that our disagreement breaks from the emerging consensus of federal district courts to address this issue.  That consensus generally holds that we need look no further than Lucia to resolve the question of timeliness.").

[20] *See* fn. 8 supra.

[21] The court notes that Appointments Clause challenges are being raised by counsel in other social security appeals. *See e.g., Klotz v. Berryhill,* No. 2:17-cv-452 RJS (D. Utah 2017); *Clark v. Berryhill*, No. 1:17-cv-127 DB (D. Utah 2017).

[22] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Recommendation within fourteen (14) days of service thereof.[23] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 29 April 2019.

Brooke C. Wells
United States Magistrate Judge

---

[23] *Id.*